Civil action heard upon exceptions to the report of a referee. His Honor overruled all the exceptions, affirmed and approved the findings of fact, and rendered judgment against the defendants for $598.45, with interest. The defendants appealed.
There was evidence tending to prove that in the mountains of Western North Carolina there growns [grows] in great abundance an evergreen plant known as galax, which has a marketable value. It is shipped in large quantities to the northern markets, where it has a ready sale. It was affecting this commodity that a contract was made between the plaintiff and defendants whereby the former was to buy, case, and deliver to the railroad all the galax that he might be able to get during the continuance of this contract, that is to say, from October, 1907, to May, 1908. Under this contract the plaintiff was to be paid first cost for the galax, and after all expenses were paid for advertising and losses sustained, the plaintiff was to have for his share two-thirds of the net profits, and the defendants one-third. It is admitted that the plaintiff was paid in full original cost of the goods bought, which was $1,273.27. The market value of the goods was $2,762.56. F. M. Richards (679) *Page 764 
testified that if there had been no loss and all accounts had been collected there would have been a profit of $1,114.73, going to both plaintiff and defendants according to the share of each under the contract. That after that he collected $200 and paid plaintiff $99.69 on his share of the profits; that left a balance due of $915.35 as profits when collected.
The plaintiff testified, among other things, that the defendants were to collect the accounts for sales and were to pay him when collected.
The account stated by the referee, which is the basis of the judgment against the defendants, is as follows:
(Account Stated.)
F. W. RICHARDS Co. to R. L. HODGES, Dr.
Dr.
 Total amount of Sales ............................ $2,762.56 =========
 Cr.
 By loss due to damage, expenses, etc. ............ $ 445.83 By amount paid R. L. Hodges for cost price ....... 1,273.27 --------- $1,719.10 ========= Deduct from total sales as above ................. $2,762.56 Total credits, as above .......................... 1,719.10 --------- Leaves total net profit ...................... $1,043.46 ========= Two-thirds of said net profit is ................. $ 659.64 Add cost of protest of check ..................... 2.50 --------- $ 698.14
 By cash paid by defendants in December, 1908, on account ...................................... 99.69 --------- Leaves balance due plaintiff ..................... $ 598.45
The defendants offered evidence tending to prove that they had been diligent in their efforts to collect the accounts charged against them in this statement of account and had been unable to do so. The exception principally relied on is that there is no evidence to sustain the findings of the referee.
The exception of the defendant must be sustained because he has been charged with the amount of the accounts, *Page 765 
without regard to their collectibility, when all the evidence is to the effect that the plaintiff is only entitled to a proportionate part of the net profits, and the plaintiff himself testified that the defendants "were to collect and pay when collected."
If this is the contract, the account must be restated, charging the defendant with the sums collected and, in addition, with the uncollected accounts which could have been collected by the exercise of ordinary diligence.
Reversed.